United States District Court
Southern District of Texas
**ENTERED**
September 04, 2018
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PARRISH WITHERSPOON AND | § | |
| DEBORAH WITHERSPOON, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-1528 |
| | § | |
| AMCAP MORTGAGE, LTD., *ET AL.*, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case arising out of the foreclosure of a residential mortgage is before the court on Defendants Specialized Loan Servicing, LLC's and FV-I, Inc., in Trust for Morgan Stanley Mortgage Holdings LLC's Motion to Dismiss (Dkt. 15). Plaintiffs did not file a timely response. *See* L.R.S.D. Tex. 7.4.

## BACKGROUND

Plaintiffs filed the instant case in state court in the 333d District Court for Harris County Texas on or about April 30, 2018 in an effort to stop foreclosure on and eviction from their residence located at 18814 Cove Vista Lane, Cypress, Texas 77433. Plaintiffs allege a break in the chain of title from the original lender to the current noteholder or, in the alternative, an improper acceleration of the loan, and seek quiet title, declaratory judgment, and injunctive relief prohibiting defendants from foreclosing or taking possession of the property. *See* Dkt. 1-1.

This is the fourth lawsuit plaintiffs have filed regarding foreclosure on this property. The procedural background of this dispute was set forth in United States District Judge David

Hittner's April 11, 2018 order in *Witherspoon v. Specialized Loan Servicing, LLC*, Civil Action

No. H-17-2675:[1]

> This is a mortgage foreclosure case concerning the property located at 18814 Cove Vista Lane, Cypress, Texas 77433 (the "Property"). On January 27, 2010, Plaintiffs Parrish Witherspoon ("Witherspoon") and Deborah Nevaraz ("Nevaraz") (Witherspoon and Nevaraz collectively, "Plaintiffs") executed a promissory note in the amount of $565,715 ("Note") and a deed of trust ("Deed of Trust") in favor of Defendant AMCAP Mortgage, Ltd. ("AMCAP"). On April 17, 2015, Defendant Morgan Stanley Mortgage Capital Holdings LLC ("Morgan Stanley") became holder of the Note and Deed of Trust. Specialized Loan Servicing, LLC ("SLS") was the loan servicer of the Note on behalf of Morgan Stanley.
>
> A.     *The First Suit*
>
> On May 27, 2015, Plaintiffs filed a lawsuit against Defendants in the 164th Judicial District Court of Harris County alleging that Morgan Stanley and AMCAP were attempting to foreclose on the Property without lawful authority (the "First Suit"). Plaintiffs subsequently filed for bankruptcy and an automatic stay went into effect on the First Suit. On May 6, 2016, two days after Plaintiffs' bankruptcy case was dismissed, the trial court granted summary judgment in favor of Morgan Stanley. A foreclosure sale of the Property was subsequently scheduled for July 4, 2017.
>
> B.     *The Second Suit*
>
> On June 30, 2017, Witherspoon filed a second lawsuit against AMCAP and Defendants in the 157th Judicial District Court of Harris County alleging AMCAP and Defendants did not have a right to foreclose on the Property and alleging violations of the Truth in Lending Act ("TILA") (the "Second Suit"). On August 4, 2017, after requesting Plaintiffs to vacate the Property, Defendants brought a forcible detainer action against Plaintiffs in Justice of the Peace Court (the "Eviction Suit"). While the Eviction Suit was proceeding, on September 5, 2017, Defendants removed the Second Suit to this Court. On October 19, 2017, Witherspoon amended his complaint and added a request for a TRO.
>
> C.     *The Third Suit*
>
> On October 24, 2017, after Witherspoon was unable to obtain an immediate and ex parte TRO, Nevaraz filed a third lawsuit against Defendants and Capital Holdings, LLC in the 164th Judicial District Court of Harris County alleging Defendants wrongfully foreclosed on the Property (the "Third Suit").

---

[1] The court takes judicial notice of prior federal and state court orders related to this case that are matters of public record. *See Gaviola v. Jp Morgan Chase Bank, N.A.*, Civil Action No. H-16-0725, 2016 WL 3552309, at *3 (S.D. Tex. June 23, 2016) ("A state court document in a related proceeding is a matter of public record and the proper subject of judicial notice.").

On November 9, 2017, Defendants removed the Third Suit to the United States
District Court for the Southern District of Texas.

After consolidating what are referred to above as the Second and Third suits, Judge Hittner on April 22, 2018 dismissed all claims against defendants Specialized Loan Servicing, LLC and FV-1, Inc., In Trust for Morgan Stanley Mortgage Holdings, LLC.[2] *Id.* Plaintiffs then headed straight back to state court on April 30, 2018 and filed this lawsuit asserting claims arising out the same set of operative facts against the same defendants.[3]

Defendants again removed the state case to federal court.[4] District Judge Vanessa Gilmore denied Plaintiffs' motion to remand despite the joinder of AMCAP Mortgage, a Texas company, as a defendant and retained jurisdiction over this case. Dkt. 13. Shortly after filing the motion to remand, plaintiffs' counsel sought and was granted leave to withdraw as counsel. Dkt. 7. Thus, plaintiffs are proceeding pro se. Defendants now move to dismiss this case under Rule 12(b)(6) based on res judicata, collateral estoppel, and failure to state a claim.[5]

## ANALYSIS

### A. Rule 12(b)(6) Standards

In reviewing a pleading under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"*Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts

---

[2] Plaintiffs did not serve defendants AMCAP Mortgage and Capital Holdings LLC and did not respond the court's show cause order. The court dismissed those defendants without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 4(m).
[3] Compare Dkt. 1-1 in Civil Action 18-cv-1528 with Dkt. 1-3 in Civil Action 17-cv-2675.
[4] Having already dismissed all claims in Civil Action 17-cv-2675, United States District Judge Hittner denied Defendants' motion to consolidate the instant case with that previously filed action.
[5] Because res judicata is dispositive, the court does not address Defendants' additional arguments.

to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Gonzalez v. Kay*, 577 F.3d 600, 603 (2009).

**B.  Res Judicata Standards**

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Res judicata is an affirmative defense that is properly raised in a Rule 12(b)(6) motion to dismiss when the elements of res judicata are apparent on the face of the pleadings. *Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 335–36 (5th Cir. 2014). The preclusive effect of a prior state judgment in federal court is governed by state law. *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009).

Under federal and Texas law, res judicata applies if: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters*, 428 F.3d at 571; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). A "transactional test" is used to determine whether a subsequent action involves the same claim or cause of action. Under this test, "[a] prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Test Masters,* 428 F.3d at 571; *see also Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).

### C. Plaintiffs' Claims are Barred by Res Judicata

As explained below, the Defendants have demonstrated the presence of all four elements of res judicata. Plaintiffs did not file a timely response to Defendants' motion, which is taken as a representation of no opposition under local rules. *See* L.R.S.D. Tex. 7.4. This case should be dismissed because it is precluded by the final orders in the first state court case, case well as the dismissal order in the prior consolidated federal case, Civil Action 17-2675.

#### 1. Parties are identical or in privity.

The plaintiffs in this case are the very same plaintiffs who filed three prior relevant lawsuits.[6] Each of the Defendants in this lawsuit, AmCap Mortgage, Ltd., Specialized Loan Servicing, LLC's and FV-I, Inc., in Trust for Morgan Stanley Mortgage Holdings LLC, was named as a defendant in one or more of the prior lawsuits. AmCap and Morgan Stanley were defendants in the first state court lawsuit. AmCap, Morgan Stanley, and Specialized Loan Servicing were defendants in the second and third lawsuits, which were removed to federal court. In addition, as the mortgage holder and mortgage servicer, Morgan Stanley and Specialized Loan Servicing are in privity for res judicata purposes. *Bellot v. Wells Fargo Bank, N.A.*, No. CIV.A. H-13-2014, 2014 WL 2434170, at *2 (S.D. Tex. May 29, 2014)("the relationship between a mortgage holder, a mortgage servicer, and a mortgage lender's nominee is generally sufficient to establish the privity needed for res judicata," citing *Maxwell v. U.S. Bank, N.A.,* 544 F. App'x 470, 473 (5th Cir.2013)).

#### 2. Prior rulings were made by courts of competent jurisdiction.

The second element of res judicata is satisfied because without doubt, the 164th Judicial District Court of Harris County and the United States District Court for the Southern District of

---

[6] Deborah Witherspoon signed the loan documents as Deborah Nevaraz and identified herself as Deborah Nevaraz in the prior suits. *See* Dkt. 1-1 at 17, 31.

Texas, Houston Division, are courts of competent jurisdiction with jurisdiction to issue the final rulings in the prior cases.

### 3.   Prior rulings were final orders on the merits.

The 164th District Court of Harris County, Texas entered a final judgment on the merits when it rendered judgment in favor of FV-I, Inc., in Trust for Morgan Stanley Mortgage Capital Holdings, LLC, "its successors, assigns and predecessors in interest," and dismissed all of Plaintiffs' claims with prejudice. Dkt. 15-6 at 2. Judge Hittner also entered a judgment on the merits as to FV-I, Inc., in Trust for Morgan Stanley Mortgage Capital Holdings LLC and Specialized Loan Servicing Inc. through his April 11, 2018 order granting their motion to dismiss. Civil Action No. H-17-2675 at Dkt. 16. The April 11, 2018 order became a final judgment when all defendants were dismissed and the case closed. *Id.* at Dkt. 18.

### 4.   This case involves the same claim or cause of action as prior cases.

As noted above, both Texas and federal law employ a transactional test to determine whether a subsequent lawsuit is precluded by res judicata. Under this test:

> [W]e examine the factual bases, not the legal theories, presented in the cases. *Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n,* 77 S.W.3d 487, 496 (Tex.App.-Texarkana 2002, pet. denied). The main concern is whether the cases share the same nucleus of operative facts. *Id.* In determining whether the facts arose out of a single transaction, we consider whether the facts are related in time, space, origin, or motivation, and whether they form a convenient unit for trial. *Barr,* 837 S.W.2d at 631 (quoting Restatement (Second) Of Judgments § 24(2) (1982)).

*Samuel v. Fed. Home Loan Mortg. Corp.*, 434 S.W.3d 230, 234 (Tex. App. 2014); *see also Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402 (5th Cir. 2009).

All three prior cases filed by Plaintiffs arise out of the same nucleus of operative facts as the instant case, *i.e.*, the Note and Deed of Trust for the property as 18814 Cove Vista Lane,

Cypress, Texas 77433 and the defendants' attempts to foreclose and gain possession of the property.

## CONCLUSION AND RECOMMENDATION

Because Plaintiffs' claims in this case are precluded by the res judicata effect of a prior state court judgment as well as a prior federal court judgment, the court recommends that Defendants' motion to dismiss be **GRANTED** and this case be **DISMISSED** in its entirety with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 8608.

Signed on September 04, 2018, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge